## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

KINSALE INSURANCE COMPANY,

    Plaintiff,

v.                                                                    CASE NO:

RODNEY PHILLIPS, JR., HARLEM
TENANTS ASSOCIATION, INC. d/b/a
HARLEM GARDENS APARTMENTS,
and SERVICES-TAYLOR MADE, INC.

    Defendants.

_____/

### COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

KINSALE INSURANCE COMPANY ("Kinsale") files suit against RODNEY

PHILLIPS, JR. ("Phillips Jr."), HARLEM TENANTS ASSOCIATION, INC. d/b/a

HARLEM GARDENS APARTMENTS, ("Harlem Gardens"), and SERVICES-

TAYLOR MADE, INC.("STM"), and alleges:

### NATURE OF ACTION

1.    This is an action for damages and declaratory relief under 28 U.S.C.

§ 2201 to determine there is no coverage for a claimant who was injured in a

shooting under policies of insurance that include Absolute Firearms Exclusions and Assault, Battery, Abuse or Molestation Exclusions.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interests and costs.

3.      Venue is proper in this district because the shooting took place in this district, the underlying lawsuit is pending in this district, and otherwise, a "substantial part of the events … giving rise to the claim occurred" in this district. *See* 28 U.S.C. § 1391(b)(2).

4.      All conditions precedent occurred, have been performed, or were waived.

## THE PARTIES

5.      Kinsale is an Arkansas corporation with its principal place of business in Virginia. Kinsale is accordingly a citizen of Arkansas and Virginia. For purposes of this action, Kinsale is a surplus lines insurer that issued liability policies to Harlem Gardens.

6.　Phillips Jr. is domiciled in Hendry County, Florida. Phillips Jr. is accordingly a citizen of Florida.

7.　Harlem Gardens is a Florida corporation with its principal place of business in Clewiston, Florida. Harlem Gardens is accordingly a citizen of Florida.

8.　STM is a Florida corporation with its principal place of business in Titusville, Florida. STM is accordingly a citizen of Florida.

## THE SHOOTING

9.　On 09/30/2025, Phillips Jr. filed suit against Harlem Gardens and STM in circuit court in Hendry County, Florida, in a lawsuit styled *Rodney Phillips Jr. v. Harlem Tenants Association, Inc. d/b/a Harlem Garden Apartments and Services-Taylor Made, Inc.*, Case Number 25-CA-541. (*See* Complaint, which is attached as Exhibit "A.")

10.　According to the complaint, on 04/10/2025, Phillips Jr. was at an apartment complex owned and operated by Harlem Gardens, where STM provided day-to-day management services. (*Id*. at ¶¶4, 8.)

11.　While Phillips Jr. was on Harlem Gardens' premises, "gunfire erupted and [Phillips Jr.] was shot by a stray bullet." (*Id*. at ¶9.)

12.     The "shooting" was allegedly reasonably foreseeable based on past criminal activity on the premises. (*Id.* at ¶¶18-20, 29-32.)

13.     As a result of being "shot by a stray bullet," Phillips Jr. was taken to the hospital for his injuries. (*Id.* at ¶¶21, 33.)

## THE KINSALE POLICIES

14.     Harlem Gardens applied for and purchased a commercial general liability policy as the Named Insured, bearing Policy Number 0100259207-1, and effective from 09/14/2024 to 09/14/2025[1] ("Primary Policy"). (*See* Primary Policy, which is attached as Exhibit "B.")

15.     Before the Primary Policy was issued and delivered to Harlem Gardens, all forms and endorsements were disclosed to Harlem Gardens in a Quote. (*See* Quote, which is attached as Exhibit "C.")

16.     Before the Primary Policy was issued and delivered to Harlem Gardens, all forms and endorsements were disclosed to Harlem Gardens in a Binder. (*See* Binder, which is attached as Exhibit "D.")

17.     Harlem Gardens also applied for and purchased a surplus lines commercial excess liability policy, bearing Policy Number 0100259341-1, and

---

[1] Pursuant to endorsement, the Primary Policy's expiration date was extended to 09/21/2025.

effective from 09/14/2024 to 09/14/2025[2] ("Excess Policy"). (*See* Excess Policy, which is attached as Exhibit "E.")

18.    Before the Excess Policy was issued and delivered to Harlem Gardens, all forms and endorsements were disclosed to Harlem Gardens in a Quote. (*See* Excess Quote, which is attached as Exhibit "G.")

19.    Before the Excess Policy was issued and delivered to Harlem Gardens, all forms and endorsements were disclosed to Harlem Gardens in a Binder. (*See* Excess Binder, which is attached as Exhibit "F.")

20.    As Harlem Gardens real estate manager, STM qualifies as an insured under the Kinsale policies issued to Harlem Gardens.

21.    Kinsale is providing Harlem Gardens with a defense in the underlying action under a complete reservation of rights, which Harlem Gardens has accepted.

<u>**COUNT I – NO COVERAGE UNDER**</u>
<u>**THE ABSOLUTE FIREARMS EXCLUSION**</u>
**(Primary Policy)**

22.    Kinsale incorporates paragraphs 1 through 21.

---

[2] Pursuant to endorsement, the Excess Policy's expiration date was also extended to 09/21/2025.

23.　The Primary Policy includes an endorsement labelled "ABSOLUTE EXCLUSION – FIREARMS" ("Absolute Firearms Exclusion") that provides:

### ABSOLUTE EXCLUSION – FIREARMS

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**
The following exclusion is added to this Policy:
This insurance does not apply to any claim or "suit" arising directly or indirectly out of, related to, or in any way involving the use of any firearm.

This exclusion applies to any claim or "suit" regardless of whether the use of a firearm is the initial precipitating cause or is in any way a cause of "bodily injury", "property damage", or "personal and advertising injury" and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any other sequence, including whether any actual or alleged "bodily injury", "property damage", or "personal and advertising injury" arises out of a chain of events that involves or includes the use of a firearm at any point.

This exclusion applies regardless of intent and regardless of the particular cause of action asserted including, but not limited to, negligence or other wrongdoing in:

(1)　The prevention or suppression, or failure to prevent or suppress, any such act or incident;

(2)　The insured's actual or alleged negligent employment, supervision, hiring, training, or retention of any "employee", independent contractor, or any other person or organization;

(3)    Reporting or failure to report to the proper authorities any act or incident involving the use of a firearm;

(4)    Conducting or failing to conduct an investigation or background check; or

(5)    Providing or failing to provide first aid or medical treatment for any injury arising out of the use of a firearm.

(*See* Ex. B at Form CAS3111 1121, Pg. 1/1.)

24.    The Primary Policy includes an endorsement labeled "POLICY AMENDMENT – EXTRINSIC EVIDENCE" ("Extrinsic Evidence") that provides in pertinent: "Our right and duty to defend or indemnify the insured against any claim or suit will be determined by review of the facts and allegations pleaded and the terms of this Policy, and we may look to and consider extrinsic evidence outside of the allegations, facts pleaded, or any combination thereof by any claimant to determine whether we owe a duty to defend or indemnify against any such claim or suit." (*Id*. at Form ADF2000 0622, Pg. 1/1.)

25.    Kinsale can accordingly rely on extrinsic evidence like police reports, statements made to the police, and discovery in the underlying action.

26.    The Primary Policy includes an endorsement labeled "ADDITIONAL POLICY EXCLUSIONS," which includes a Duty to Defend exclusion that

provides: "Where there is no coverage under the Policy, there is no duty to defend." (*Id.* at Form CAS3043 0621, Pg. 2/3.)

27.     Harlem Gardens and STM were sued over Phillips Jr.'s shooting at Harlem Gardens' premises, where STM provided day-to-day management services. Specifically, on 04/10/2025, Phillips Jr. was "an invitee on [Harlem Gardens' premises] when gunfire erupted and he was shot by a stray bullet." (Ex. A at ¶9.)

28.     Accordingly, Kinsale has no duty to defend or pay damages under the Absolute Firearms Exclusion.

## COUNT II – NO COVERAGE UNDER THE ASSAULT, BATTERY, ABUSE, OR MOLESTATION EXCLUSION
### (Primary Policy)

29.     Kinsale incorporates paragraphs 1 through 21.

30.     The Primary Policy includes an endorsement labeled "EXCLUSION – ASSAULT, BATTERY, ABUSE, OR MOLESTATION" ("ABAM Exclusion") that provides:

**EXCLUSION – ASSAULT, BATTERY, ABUSE, OR MOLESTATION**

**This endorsement modifies insurance provided under the following:**

Page 8 of 19

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", or "personal and advertising injury" arising out of, related to, or in any way involving any actual or alleged assault, battery, abuse, or molestation. Assault, battery, abuse, or molestation includes, but is not limited to, any conduct, physical act, gesture, sexual contact (whether or not consensual), sexual molestation, sexual or physical assault or battery, sexual abuse, sexual harassment or exploitation, harmful, unwanted or offensive contact, or spoken or written words of a sexual or physically violent nature, whether provoked or unprovoked.

This exclusion includes but is not limited to:

1.    The prevention or suppression, or the failure to suppress or prevent any assault, battery, abuse, or molestation;

2.    The failure to provide an environment safe from any assault, battery, abuse, or molestation, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, abuse, or molestation;

3.    The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, abuse, or molestation;

4.    The reporting or failing to report to the proper authorities;

5.    Conducting or failing to conduct an investigation of any assault, battery, abuse, or molestation;

6.   Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

7.   Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been any assault, battery, abuse, or molestation;

8.   Any assault, battery, abuse, or molestation whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or

9.   The negligent hiring, employment, training, supervision, or retention of any "employee" or agent of any insured with respect to items **(1)** through **(8)** above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" regardless of whether assault, battery, abuse, or molestation is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, abuse, or molestation.

For purposes of this endorsement, **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, item **a. Expected or Intended Injury** is deleted and replaced with the following:

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

Page 10 of 19

(*See* Ex. B at Form CAS3201 0322, Pg. 1/2.)

31.    The Primary Policy includes an endorsement labeled "POLICY AMENDMENT – EXTRINSIC EVIDENCE" ("Extrinsic Evidence") that provides in pertinent: "Our right and duty to defend or indemnify the insured against any claim or suit will be determined by review of the facts and allegations pleaded and the terms of this Policy, and we may look to and consider extrinsic evidence outside of the allegations, facts pleaded, or any combination thereof by any claimant to determine whether we owe a duty to defend or indemnify against any such claim or suit." (*Id.* at Form ADF2000 0622, Pg. 1/1.)

32.    Kinsale can accordingly rely on extrinsic evidence like police reports, statements made to the police, and discovery in the underlying action.

33.    The Primary Policy includes an endorsement labeled "ADDITIONAL POLICY EXCLUSIONS," which includes a Duty to Defend exclusion that provides: "Where there is no coverage under the Policy, there is no duty to defend." (*Id.* at Form CAS3043 0621, Pg. 2/3.)

34.    Harlem Gardens and STM were sued over Phillips Jr.'s shooting at Harlem Gardens' premises, where STM provided day-to-day management services. Specifically, on 04/10/2025, Phillips Jr. was "an invitee on [Harlem

Gardens' premises] when gunfire erupted and he was shot by a stray bullet." (Ex. A at ¶9.)

35.     Accordingly, Kinsale has no duty to defend or pay damages under the ABAM Exclusion.

<b><u>COUNT III – NO COVERAGE UNDER THE<br>ABSOLUTE FIREARMS EXCLUSION</u></b><br><b>(Excess Policy)</b>

36.     Kinsale incorporates paragraphs 1 through 21.

37.     The Excess Policy includes an endorsement labeled "ABSOLUTE EXCLUSION – FIREARMS" ("Absolute Firearms Exclusion") that provides:

<b>ABSOLUTE EXCLUSION – FIREARMS</b>

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL EXCESS LIABILITY COVERAGE**

The following exclusion is added to this Policy:

This insurance does not apply to any claim or suit arising directly or indirectly out of, related to, or in any way involving the use of any firearm.

This exclusion applies to any claim or suit regardless of whether the use of a firearm is the initial precipitating cause or is in any way a cause of bodily injury, property damage, personal and advertising injury or any other injury or damage and regardless of whether any other actual or alleged cause contributed concurrently, proximately,

or in any sequence, including whether any actual or alleged bodily injury, property damage, personal and advertising injury or other injury or damage, arises out of a chain of events that involves or includes the use of a firearm at any point.

This exclusion applies regardless of intent and regardless of the particular cause of action asserted including, but not limited to, negligence or other wrongdoing in:

1.      The prevention or suppression, or failure to prevent or suppress, any such act or incident;

2.      The insured's actual or alleged negligent employment, supervision, hiring, training, or retention of any employee, independent contractor, or any other person or organization;

3.      Reporting or failure to report to the proper authorities any act or incident involving the use of a firearm;

4.      Conducting or failing to conduct an investigation or background check; or

5.      Providing or failing to provide first aid or medical treatment for any injury arising out of the use of a firearm.

(*See* Ex. E at Form CAX3162 1121, Pg. 1/1.)

38.    The Excess Policy includes an endorsement labeled "POLICY

AMENDMENT – EXTRINSIC EVIDENCE" ("Extrinsic Evidence") that provides

in pertinent: "Our right and duty to defend or indemnify the insured against any

claim or suit will be determined by review of the facts and allegations pleaded and

the terms of this Policy, and we may look to and consider extrinsic evidence

Page 13 of 19

outside of the allegations, facts pleaded, or any combination thereof by any claimant to determine whether we owe a duty to defend or indemnify against any such claim or suit." (*Id*. at Form ADF2000 0622, Pg. 1/1.)

39.     Kinsale can accordingly rely on extrinsic evidence like police reports, statements made to the police, and discovery in the underlying action.

40.     The Excess Policy includes a Duty to Defend exclusion that provides: "Where there is no coverage under the Policy, there is no duty to defend." (*Id*. at Form CAX0001 0817, Pg. 2/11.)

41.     Harlem Gardens and STM were sued over Phillips Jr.'s shooting at Harlem Gardens' premises, where STM provided day-to-day management services. Specifically, on 04/10/2025, Phillips Jr. was "an invitee on [Harlem Gardens' premises] when gunfire erupted and he was shot by a stray bullet." (Ex. A at ¶9.)

42.     Accordingly, Kinsale has no duty to defend or pay damages under the Absolute Firearms Exclusion.

### COUNT IV – NO COVERAGE UNDER THE ASSAULT, BATTERY, ABUSE, OR MOLESTATION EXCLUSION
**(Excess Policy)**

43.     Kinsale incorporates paragraphs 1 through 21.

44.    The Excess Policy includes an endorsement labeled "EXCLUSION –

ASSAULT, BATTERY, ABUSE, OR MOLESTATION" ("ABAM Exclusion") that

provides:

### EXCLUSION - ASSAULT, BATTERY, ABUSE, OR MOLESTATION

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL EXCESS LIABILITY COVERAGE**

The following exclusion is added to this Policy:

This insurance does not apply to any claim or suit for bodily injury or property damage, or any other injury or damage, arising out of, related to, or in any way involving any actual or alleged assault, battery, abuse, or molestation. Assault, battery, abuse, or molestation includes, but is not limited to, any conduct, physical act, gesture, sexual contact (whether or not consensual), sexual molestation, sexual or physical assault or battery, sexual abuse, sexual harassment or exploitation, harmful, unwanted or offensive contact, or spoken or written words of a sexual or physically violent nature, whether provoked or unprovoked.

This exclusion includes but is not limited to:

a.    The prevention or suppression of, or the failure to suppress or prevent any assault, battery, abuse, or molestation;

b.    The failure to provide an environment safe from any assault, battery, abuse or molestation, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, abuse, or molestation;

c.   The selling, servicing, or furnishing of alcoholic beverages resulting in any assault, battery, abuse, or molestation;

d.   The reporting or failing to report to the proper authorities;

e.   Conducting or failing to conduct an investigation of any assault, battery, abuse, or molestation;

f.   Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

g.   Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been any assault, battery, abuse or molestation;

h.   Any assault, battery, abuse, or molestation, whether caused by, or at the instigation, instruction, direction, or due to the negligence of the insured, the insured's employees, agents, patrons, customers, or any other person arising from any cause whatsoever; or

i.   The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items a. through h. above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or suit regardless of whether assault, battery, abuse, or molestation is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged bodily injury or property damage, or any other injury or damage, arises out of a chain of events that includes any assault, battery, abuse, or molestation.

(*See* Ex. E at Form CAX3178 0322, Pg. 1/1.)

45.     The Excess Policy includes an endorsement labeled "POLICY AMENDMENT – EXTRINSIC EVIDENCE" ("Extrinsic Evidence") that provides in pertinent: "Our right and duty to defend or indemnify the insured against any claim or suit will be determined by review of the facts and allegations pleaded and the terms of this Policy, and we may look to and consider extrinsic evidence outside of the allegations, facts pleaded, or any combination thereof by any claimant to determine whether we owe a duty to defend or indemnify against any such claim or suit." (*Id*. at Form ADF2000 0622, Pg. 1/1.)

46.     Kinsale can accordingly rely on extrinsic evidence like police reports, statements made to the police, and discovery in the underlying action.

47.     The Excess Policy includes a Duty to Defend exclusion that provides: "Where there is no coverage under the Policy, there is no duty to defend." (*Id*. at Form CAX0001 0817, Pg. 2/11.)

48.     Harlem Gardens and STM were sued over Phillips Jr.'s shooting at Harlem Gardens' premises, where STM provided day-to-day management services. Specifically, on 04/10/2025, Phillips Jr. was "an invitee on [Harlem

Page 17 of 19

Gardens' premises] when gunfire erupted and he was shot by a stray bullet." (Ex. A at ¶9.)

49.     Accordingly, Kinsale has no duty to defend or pay damages under the ABAM Exclusion.

## RELIEF REQUESTED

Kinsale respectfully requests that the Court:

a)     Take jurisdiction and adjudicate the rights of the parties under the policies.

b)     Declare the following:

    i.     Kinsale has no duty to defend or indemnify Harlem Gardens or STM under the Primary Policy's Absolute Firearms Exclusion;

    ii.     Kinsale has no duty to defend or indemnify Harlem Gardens or STM under the Primary Policy's ABAM Exclusion;

    iii.     Kinsale has no duty to defend or indemnify Harlem Gardens or STM under the Excess Policy's Absolute Firearms Exclusion;

    iv.     Kinsale has no duty to defend or indemnify Harlem Gardens or STM under the Excess Policy's ABAM Exclusion;

    v.     Kinsale is entitled to reimbursement of attorneys' fees and expenses incurred defending Harlem Gardens because there is no coverage under the policies.

c)     Award Kinsale all costs to prosecute this action.

d)    Award Kinsale any and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us
**COLSEN CENTNER**
Florida Bar No. 1058625
Colsen.Centner@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646